1   DAVID L. ANDERSON (CABN 149604)
    United States Attorney
2   SARA WINSLOW (DCBN 457643)
    Chief, Civil Division
3   EMMET P. ONG (NYBN 4581369)
    Assistant United States Attorney
4

5       1301 Clay Street, Suite 340S
        Oakland, California 94612-5217
6       Telephone: (510) 637-3929
        Facsimile: (510) 637-3724
7       E-mail: emmet.ong@usdoj.gov

8
    Attorneys for Defendant
9   UNITED STATES OF AMERICA and
    U.S. SMALL BUSINESS ADMINISTRATION
10

11                          UNITED STATES DISTRICT COURT

12                        NORTHERN DISTRICT OF CALIFORNIA

13

14  PHUONG NGUYEN and PHUONG T. NGUYEN, )   Civil Action No.
    D.D.S., INC. (d/b/a LASER COSMETIC       )
15  DENTISTRY),                              )
                                             )
16          Plaintiffs,                      )
                                             )
17      v.                                   )   **NOTICE OF REMOVAL**
                                             )
18  UNITED STATES OF AMERICA and U.S.        )
    SMALL BUSINESS ADMINISTRATION,           )
19                                           )
            Defendants.                      )
20                                           )

21  TO:    The United States District Court for the Northern District of California

22          PLEASE TAKE NOTICE THAT the United States of America and U.S. Small Business

23  Administration ("SBA") hereby remove to this Court the state court action described below, pursuant to

24  28 U.S.C. §§ 1442, 1446, 2671-2680.  In support of such removal, the United States and the SBA

25  represent the following:

26          1.      On September 16, 2019, Plaintiffs Phuong Nguyen and Phuong T. Nguyen, D.D.S., Inc.

27  (d/b/a Laser Cosmetic Dentistry) filed a Third Amended Complaint ("TAC") in *Phuong Nguyen et al. v.*

28

NOTICE OF REMOVAL
NO.                                      1

*Wells Fargo, N.A. et al.*, No. 18CIV06581, which is pending in the Superior Court of California, County of San Mateo.  According to filings made in the Superior Court on July 28, 2020, Plaintiff amended the TAC to name as defendants the SBA; Jovita Carranza, Administrator of the SBA; and Christina Goebelsmann, an SBA employee (collectively, "SBA Defendants").

2.      On October 13, 2020, Ms. Goebelsmann received, for the first time, a summons, a copy of the TAC, and the amendment filed on July 28, 2020 naming her as a defendant.  On October 16, 2020, the SBA and Administrator Carranza received, for the first time, a summons, a copy of the TAC, and the amendments filed on July 28, 2020 naming them as defendants.  Copies of all the documents received by the SBA Defendants are attached hereto as Exhibits 1 (Goebelsmann), 2 (SBA), and 3 (Administrator Carranza).  Neither these documents nor any other process, pleadings or orders have been served on the SBA Defendants in the state court action.

3.      The TAC alleges a wrongful foreclosure of Plaintiffs' property by Wells Fargo, N.A. ("Wells Fargo").  TAC ¶ 1.  Ms. Nguyen claims that on November 7, 2018, she received two letters from Wells Fargo that led her to believe she had 30 days to pay off the loans related to the property.  *Id.* at ¶¶ 26-27.  Plaintiffs allege that, contrary to the representations in the letters, Wells Fargo sold the property in foreclosure on November 9, 2018.  *Id.* at ¶ 35.  Plaintiffs also allege that Wells Fargo and the buyer of the property engaged in fraud and bid rigging because the property was sold far below its market value.  *Id.* at ¶¶ 39-40, 47-49.  None of these allegations, or any of the other allegations made in the TAC, mention or otherwise make reference to any SBA Defendant.  Nevertheless, Plaintiffs purport to bring two state law causes of actions against the SBA Defendants (as well as all the other defendants) for conversion and unfair competition.  *Id.* at ¶¶ 112-123 (Seventh Cause of Action against all defendants), ¶¶ 124-131 (Eighth Cause of Action against all defendants).[1]

4.      The United States Attorney, through his designee, has certified that Administrator Carranza and Ms. Goebelsmann were each acting within the scope of their office or employment with the SBA at the time of the alleged incidents giving rise to Plaintiffs' claims.  The Certificate of Scope of

---

[1] The other causes of action alleged in the TAC are against either Wells Fargo only (*id.* at ¶¶ 70-111) or the purchaser of the property only (*id.* at ¶¶ 50-69, 132-138).

1  Office or Employment is attached hereto as Exhibit 4.

2      5.      No trial has taken place in the state court action and no trial date has been set.

3      6.      The Federal Tort Claims Act ("FTCA") "is the exclusive remedy for tort actions against a

4  federal agency, and this is so despite the statutory authority of any agency to sue or be sued in its own

5  name." *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (citing 28

6  U.S.C. § 2679(a)).  The FTCA also provides the exclusive remedy for any negligent or wrongful act or

7  omission of any federal employee while acting within the scope of her office or employment.  28 U.S.C.

8  § 2679(b)(1).  Here, Plaintiffs' claims against the SBA, Administrator Carranza and Ms. Goebelsmann

9  are for conversion and unfair competition, and, therefore, sound in tort.   Such claims must therefore be

10  brought under the FTCA.

11      7.      The FTCA provides that, upon certification that Administrator Carranza and Ms.

12  Goebelsmann were acting within the scope of their office or employment at the time of the incidents out

13  of which Plaintiffs' claim arose, the civil action pending against them in state court "shall be removed

14  without bond at any time before trial" to the United States District Court for the district in which the

15  action is pending.  28 U.S.C. § 2679(d)(2).  "This certification . . . shall conclusively establish scope of

16  office or employment for purposes of removal."  *Id.*  There having been no trial in the state court action,

17  removal of Plaintiffs' civil action against Administrator Carranza and Ms. Goebelsmann from the

18  Superior Court of California, County of San Mateo, to this Court is proper.

19      8.      Furthermore, by operation of 28 U.S.C. § 2679(d)(2), the scope certification effects the

20  substitution of the United States as the party defendant on Plaintiffs' TAC as it pertains to Administrator

21  Carranza and Ms. Goebelsmann.  *See also Kennedy*, 145 F.3d at 1078 ("[T]he United States is the only

22  proper party defendant in an FTCA action . . . .").

23      9.      Civil actions commenced in state court against "[t]he United States or any agency thereof

24  or any officer (or any person acting under that officer) of the United States or of any agency thereof, in

25  an official or individual capacity, for or relating to any act under color of such office" may be removed

26  to the United States District Court where the state court action is pending.  28 U.S.C. § 1442(a)(1).

27  Notice of such removal must be filed within 30 days after the defendant receives a copy of the initial

28

pleading setting forth the claim for relief upon which such action is based.  28 U.S.C. § 1446(b)(1).

Pursuant to these statutory provisions, the SBA, as an agency of the United States, may remove the state

court civil action brought by Plaintiffs so long as it does so by November 16, 2020 (i.e., within 30 days

of October 16, 2020).[2]  Because the filing of this Notice of Removal is timely, removal of Plaintiffs'

civil action against the SBA from the Superior Court of California, County of San Mateo, to this Court is

proper.[3]

       10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly

served upon Plaintiffs and filed with the clerk's office for the Superior Court of California, County of

San Mateo.

       WHEREFORE, the United States respectfully submits that this Notice removes this action from

the Superior Court of California, County of San Mateo, to this Court.

DATED:  November 13, 2020               Respectfully submitted,

                               DAVID L. ANDERSON
                               United States Attorney

                               */s/ Emmet P. Ong*
                               EMMET P. ONG
                               Assistant United States Attorney

                               *Attorneys for Defendants United States of America*
                               *and U.S. Small Business Administration*

---

[2] November 15, 2020 is a Sunday.

[3] Because Plaintiffs' state court filings do not make clear that they are suing Administrator Carranza in her official capacity, the United States construes Plaintiffs' civil action as being brought against Administrator Carranza in her individual capacity only. *See generally* Ex. 3.  Should the Court rule otherwise, the United States hereby also invokes, in the alternative, the provisions of § 1442(a)(1) on behalf of Administrator Carranza to remove the state court action to this Court.