| | |
|---|---|
| 1 | Phuong Nguyen  [updated at 5:10PM]     *By Fax* |
| 2 | 937 Farrier PL.<br>Daly City, CA 94014 |
| 3 | (650)228-6880<br>Co-Plaintiff pro se |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHUONG NGUYEN, an individual; PHUONG T. NGUYEN, D.D.S., INC. d/b/a LASER COSMETIC DENTISTRY, business entity,<br><br>              Plaintiffs,<br><br>       vs.<br><br>WELLS FARGO, N.A.; A.J.E. Investment Group, LLC d/b/a/ AGE Investment Group, LLC, a business entity; JAMIE GONZALEZ, an Individual; CHARLES MATSON; UNITED STATES SMALL BUSINESS ADMINISTRATION; JOVITA CARRANZA; CHRISTINA GOBELSMAN aka Counsel for prior non-party, United States SBA; STEVEN BRYAN MAINS; The Mortgage Capital Development Corporation; AEL Financial, LLC; U.S. BANCORP; Noel M. Nino aka Rep for The Mortgage Capital Development Corporation; Timothy J. Sloan aka CEO for Wells Fargo Bank, NA; John R. Shrewsberry aka CFO for Wells Fargo Bank, NA; Debra Francesconi aka Improper Signing employee from WT Capital Lender Services, a California Corporation; WT Capital Lender Services, a California Corporation; Debra Hamilton Berg aka Corporate Secretary from WT Capital | Fed Case No.: 3:20-CV-07991-EMC<br>State Case No. 18CIV06581<br><u>New Fed Case: 3:22-CV-07166-LB</u><br>**PLAINTIFF PHUONG NGUYEN'S OPPOSITION**<br>**TO UNITED STATES OF AMERICA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND REQUEST FOR HEARING ON THE ISSUES**<br><br>Date:_____ NA<br><br>Time: _____ NA<br><br>Dept.: [Administrative Motion Only] |

| | |
|---|---|
| Lender Services, a California Corporation; Hanno T. Powell aka CEO from WT Capital Lender Services, a California Corporation; Maria A. Nunez aka Maria Simental aka Maria Nunez Simental aka Trustee Sales Officer re Notice of Trustee Sale; Wells Fargo & Company; **Vishnu Shanker** aka Dentist Tenant; Deborah Sullivan; Karen Fitzgerald; Donna H. Tran; Michael Whitlock; Beverly Milanowski; Serena Lee; Re/Max Mid Peninsula Inc.; A.J.E. Investment Group II, LLC; Leticia C. Gonzalez; 308 Torino LLC; J Gonzalez Investment Inc.; Gregory D. Hansen dba Hansen Valuation Services; GUADALUPE L. MENDEZ, Trustee of The Mendez Family Trust dated September 20, 2012; NORTH AMERICAN TITLE COMPANY INC.; All Persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud On Plaintiff's Title Thereto; and DOES 1 TO 5, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | |

### DECLARATION OF PHUONG NGUYEN

I, **Phuong Nguyen**, declare as follows:

The statements contained in this Declaration are based on personal knowledge, and if called as a witness, I could competently testify under oath to the statements contained herein.

  The facts, and causes of action from the lower-case number 3:20-CV-07991-EMC,

  are different from the new case number 3:22-CV-07166-LB.

  United States of America is not a party to the action.

  Although United States Small Business Administration is a party, USA, itself

is not a party. Thus, USA itself, should not have brough the Administrative Motion

to Determine whether the two cases are related.

In the prior lower case, a Motion to Dismiss was granted only for the purpose

Of remanding the case back to State Court. U.S. Small Business Associaton

Had previously filed a Notice of Removal in the lower case number on the sole

Jurisdictional basis that there was a U.S. Government entity as a defendant.

Although, the prior removal as well as the recent removal were an Abuse of

Process, because the related complaints did not have a Federal Question to

Corroborate a reason to remove the cases to Federal Court. A factual substance

Must also have Federal-related Questions to constitute uniform subject matter

Jurisdiction. For a Federal Entity or employee to file a Notice of Removal on the

Sole basis that they, he or she is a Federal Entity or Federal employee is an abuse

of the court system, unethical and a waste of the Federal Court's time.

I declare under the penalty of perjury under the laws of the state of California

that the foregoing is true and correct.

Dated: **November 25, 2022**

By *Phuong Nguyen* /S/
      *Phuong Nguyen*

////////

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

The facts, and causes of action from the lower-case number 3:20-CV-07991-EMC, are different from the new case number 3:22-CV-07166-LB.

United States of America is not a party to the action.

Although United States Small Business Administration is a party, USA, itself is not a party. Thus, USA itself, should not have brough the Administrative Motion to Determine whether the two cases are related.

In the prior lower case, a Motion to Dismiss was granted only for the purpose Of remanding the case back to State Court. U.S. Small Business Association Had previously filed a Notice of Removal in the lower-case number on the sole Jurisdictional basis that there was a U.S. Government entity as a defendant. Although, the prior removal as well as the recent removal were an Abuse of Process, because the related complaints did not have a Federal Question to Corroborate a reason to remove the cases to Federal Court. A factual substance Must also have Federal-related Questions to constitute uniform subject matter Jurisdiction. For a Federal Entity or employee to file a Notice of Removal on the Sole basis that they, he or she is a Federal Entity or Federal employee is an abuse of the court system, unethical and a waste of the Federal Court's time.

## LEGAL STANDARD AND ARGUMENTS

II. THE PLEADINGS AND PARTIES PRESENT DO NOT SATISFY
    THE REQUIREMENTS OF RULE 3-12 AS TO RELATED CASES.

Local Rule # 3-12.  Re. Related Cases
(a) Definition of Related Cases. An action is related to another when:
(1) The actions concern substantially the same parties, property, transaction or event;

and
(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Here, in this instance, the United States of America is not a party to the action.

Although United States Small Business Administration is a party, USA, itself

is not a party. Thus, USA itself, should not have brough the Administrative Motion

to Determine whether the two cases are related.

### III. THE FACTUAL BASIS AS TO THE CAUSES OF ACTIONS RELATING TO THE NEW DEFENDANTS CASE 3:22-CV-07166-LB DIFFER FROM THE FACTUAL BASIS FOR THE CAUSES IN THE PRIOR CASE 3:20-CV-07991-EMC.

The facts, and causes of action from the lower-case number 3:20-CV-07991-EMC,

are different from the new case number 3:22-CV-07166-LB.

### IV. THE UNITED STATES OF AMERICA, OR THE MOVING PARTY SHOWN ON THE FACE OF THE ADMINISTRATIVE MOTION TO DEEM THE TWO CASES AS RELATED, IS "NOT" A PARTY TO THIS ACTION.

Although, Cross-complainant, and Defendant Michael Flores sued

SBA in his Superior Court Cross-complaint, the United States Alone,

was not sued by any cross-complaint nor by plaintiff.

### V. THE NOTICE OF REMOVAL TO FEDERAL COURT WAS NOT UNIANIMOUSLY CONSENTED TO BY THE DEFENDANTS IN THIS CASE. DEFENDANT MICHAEL FLORES DID NOT WANT TO BE REMOVED TO FEDERAL COURT.

While the removal statute does not explicitly so state, it is well established that all defendants in a multi-defendant case must join in the petition for removal. *See, Chicago, R.I. & P.R. Co. v. Martin,* 178 U.S. 245, 20 S. Ct. 854, 44 L. Ed. 1055 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing, Local 349,* 427 F.2d 325, 326-327 (5th Cir. 1970). The rule of unanimity, as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require

that each defendant officially and unambiguously consent to a removal petition filed by another defendant, within thirty (30) days of receiving the complaint. *See, Mason v. International Business Machines, Inc.,* 543 F. Supp. 444, 446 (M.D.N.C.1982).[2]

The issue presented in the instant case is whether the rule of unanimity is satisfied when a notice of removal presented by only one defendant represents, without more, that counsel for another defendant consents to the removal. The Court finds that it is not sufficient and also finds that the defect cannot **\*1238** be cured after the thirty day removal period has passed.

It has been recognized that 28 U.S.C. § 1446 "requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney." *Creekmore v. Food Lion, Inc.,* 797 F. Supp. 505, 509 (E.D.Va.1992) (footnote omitted).[3] The policy considerations are evident and are well stated by the *Creekmore* court:

To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation.

*Creekmore,* 797 F. Supp. at 509 (footnote omitted).

Other district courts have also required all defendants to directly voice consent to removal.[4] In *Moody v. Commercial Ins. Co. of Newark, N.J.,* 753 F. Supp. 198 (N.D.Tex. 1990), the district court found that some timely-filed written indication of consent must be received from each defendant and also noted that Rule 11 of the Federal Rules of Civil Procedure does not redress concerns which arise when one counsel represents the position of another party, inasmuch as Rule 11 may subject the signer of the removal notice to sanctions for failing to adequately investigate the factual allegations therein, but it does not bind the allegedly consenting co-defendant to the removal action. *Moody,* 753 F. Supp. at 200, n. 6.

*Moody* relies, in part, on a footnote found in *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254 (5th Cir.1988), which provides that:

But while it may be true that consent to removal is all that is required under § 1446, a defendant must

do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant ... that it has actually consented to such action.

*Getty Oil Corp.,* 841 F.2d at 1262, n. 11. The defendants herein accurately point out that the Fourth Circuit Court of Appeals has rejected the main premise of the removal issue presented in *Getty Oil Corp.,* which is, all served defendants must join in or consent to the removal petition no later than thirty (30) days after the first defendant is served. In *McKinney v. Board of Trustees of Maryland Community College,* 955 F.2d 924 (4th Cir.1992), it was held, contrary to *Getty,* that individual defendants have 30 days from the time each is served to join a valid removal petition. However, the Fourth Circuit did not address footnote 11 of *Getty.*

Moreover, a close reading of the *McKinney* case reveals that the concerns addressed therein did not include the problem which is now under consideration, whether counsel for one defendant can voice the consent for removal of a party he or she does not represent. It would be inappropriate to reject the well-reasoned expressions of the various district courts which have addressed this issue merely because those district courts have cited to language in the *Getty* opinion which was not the subject of disagreement for the Fourth Circuit in *McKinney.*

*McKinney* is, however, instructive in the instant matter, in that the Court of Appeals stressed that the removal procedure is intended to be fair to both plaintiffs and defendants alike. *McKinney,* 955 F.2d at 927. There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal. Such a policy, while ensuring the unanimity of removal, does not prevent any defendant from taking **\*1239** full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove. It was this injustice which caused so much concern to the *McKinney* court.

Accordingly, it is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf. Rather, the non-signing defendant must voice such

consent directly to the Court by filing a separate pleading which expresses consent to join.

## I.   CONCLUSION

*Accordingly*, Plaintiffs respectfully request that the court not deem the two referenced Cases # 3:20-CV07991-EMC and 3:22-CV-07166LB as related for the aforesaid reasons.

Dated: November 25, 2022

Respectfully submitted,

By  *Phuong Nguyen*  /S/
    *Phuong Nguyen*

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF SAN MATEO          )

I am over the age of 18 years and not a party to the within entitled action.  Fee: $0.00

*My business or mailing address is

P.O. Box 981, Brisbane, CA 94005

***On **11/25/2022 I served** the document attached hereto or provided herewith, **namely**: PLAINTIFF PHUONG NGUYEN'S OPPOSITION TO UNITED STATES OF AMERICA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED AND REQUEST FOR HEARING ON THE ISSUES

__x__  BY ELECTRONIC SERVICE

**ADDRESSES:**

1. Timothy Silverman at Scheer Law Group LLP

   155 N. Redwood Dr., STE 100, San Rafael, CA 94903  Tsilverman@scheerlawgroup.com

2. **Robert A Bailey** at Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP

   301 North Lake Ave., Suite 1100, Pasadena CA 91101-4158 **[for Wells Fargo]**

3. **Brian S. Healy of Tierney Watson & Healy**   [email: brian@tw2law.com ]

   [for The Mortgage Capital Development Corporation]

   595 Market St., Suite 2360, San Francisco, CA 94105

4. **Christopher Douglas Greinke for North American Title Company**

   711 W. Kimberly Ave., Suite 200, Placentia, CA 92870

5. Emmet P. Ong of U.S. Attorney's Office [for U.S. SBA]
   1301 Clay Street, Suite 340-S       Oakland, CA 94612 **Email: Emmet.ong@usdoj.gov**

6. **Michael Flores,**   email: mflores3@sbcglobal.net

I certify or declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **Nov. 25, 2022 in Brisbane, California**

By x *Donn Petterson*  /S/ Server:  Donn Petterson