UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHUONG T. NGUYEN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>WELLS FARGO, N.A., et al.,<br><br>   Defendants. | Case No. 20-cv-07991-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Docket Nos. 71, 73 |

    The Court entered a final judgment in the instant action (hereinafter referred to as "*Nguyen I*") in January 2021, after concluding that it lacked subject matter jurisdiction. *See* Docket No. 63 (order). Almost two years later, the federal government asked that *Nguyen* be related to another action (hereinafter referred to as "*Nguyen II*").[1] Plaintiff Phuong Nguyen opposed relation, as did another party in *Nguyen II*, Michael Flores.[2] After Ms. Nguyen and Mr. Flores filed their briefs in opposition to the motion to relate, some of the defendants in *Nguyen I* moved for sanctions. That is the motion now pending before the Court.

    The sanctions motion was formally filed by the Wells Fargo Defendants. The A.J.E. Defendants have joined in the motion. The Wells Fargo Defendants and the A.J.E. Defendants shall hereinafter be referred to collectively as the "Moving Defendants." Moving Defendants ask the Court to issue two sanctions: (1) a dismissal of Ms. Nguyen's claims in the related case

---

[1] Although the Court refers to the federal actions as *Nguyen I* and *II*, it recognizes that they are effectively the same case as they both arose from the same state court action.

[2] Mr. Flores is a defendant in *Nguyen II*. However, some of the defendants in *Nguyen I* and *II* have suggested that Mr. Flores is not a "true" defendant and that Ms. Nguyen and Mr. Flores are conspiring together.

1  *Nguyen II*, and (2) an award of attorneys' fees (against Ms. Nguyen and Mr. Flores) in the amount
2  of $2,365.20. They contend that such sanctions are justified on the basis that Ms. Nguyen forged
3  an attorney's signature on her brief filed in opposition to the motion to relate. Having considered
4  the papers filed and the accompanying submissions, as well as all other evidence of record, the
5  Court finds this matter suitable for disposition on the papers and therefore **VACATES** the hearing
6  on the motion for sanctions. For the reasons discussed below, the motion is hereby **GRANTED** in
7  part and **DENIED** in part.

**I.     DISCUSSION**

A.     Legal Standard

Moving Defendants request that sanctions be issued pursuant to the Court's inherent authority.[3] "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

"When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find" either that a party has willfully disobeyed a court order or that a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021). "[B]ad faith, including conduct done vexatiously, wantonly, or for oppressive reasons, requires proof of bad intent or improper purpose. Bad faith . . . is not restricted to situations where the action was filed in bad faith. Bad faith may also be found in the conduct of the litigation." *Id.* "[W]hen a court imposes sanctions based on bad faith, the court must make an explicit finding that the sanctioned party's conduct 'constituted or was tantamount to bad faith.'" *Id.*

If a court does decide to issue a sanction, it must "fashion an appropriate [one]." *Chambers*, 501 U.S. at 44. That is, it must "ensure that the sanction is tailored to address the harm

---

[3] Because Moving Defendants are not seeking sanctions pursuant to Federal Rule of Civil Procedure 11, Ms. Nguyen and Mr. Flores's contention that Moving Defendants failed to give them the safe harbor provided for by Rule 11 is not relevant. The other procedural arguments made by Ms. Nguyen and Mr. Flores are also lacking in merit. For example, Moving Defendants did not violate Civil Local Rule 7-8, which provides that a motion for sanctions "must be separately filed." Civ. L.R. 7-8(a). That Moving Defendants asked that one of the sanctions be dismissal of *Nguyen II* does not transform their motion into, *e.g.*, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

1   identified." *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir.
2   1994); *cf. United States v. Blodgett*, 709 F.2d 608, 610-11 (9th Cir. 1983) (noting that "cases that
3   have considered the district court's inherent power to sanction attorneys for litigating in bad faith
4   have related such sanctions to the amount of fees incurred by the opposing party").

B.   Dismissal

The Court addresses first the Moving Defendants' request for a dismissal sanction. As noted above, Moving Defendants assert that the Court should dismiss Ms. Nguyen's claims in the related case *Nguyen II* because Ms. Nguyen forged an attorney's signature on her brief in opposition to the motion to relate. The Court denies this specific request for relief. Even if Ms. Nguyen did forge an attorney's signature, the sanction sought – *i.e.*, a dismissal of Ms. Nguyen's claims – is not tailored to address that misconduct.

The Court recognizes that the Wells Fargo Defendants have charged Ms. Nguyen (as well as Mr. Flores) with having engaged in other misconduct, as outlined in its motion to dismiss in *Nguyen II* (located at Docket No. 14 in No. C-22-7166 EMC). However, the only misconduct that has been put at issue in this specific motion is the alleged forgery. Dismissal is therefore inappropriate.

C.   Attorneys' Fees

The Moving Defendants have also asked for sanctions in the form of attorneys' fees – specifically, over $2,300, which represents the time spent by counsel for the Wells Fargo Defendants in "discover[ing] [the] fraud and bring[ing] it to the Court's attention." Mot. at 5; *see also Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) (stating that, "even in the absence of statutory authority, a court may impose attorney's fees against a non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices"). According to the Moving Defendants, both Ms. Nguyen and Mr. Flores should be held jointly and severally liable for the attorneys' fees: the former because she engaged in fraud and the latter because he "aided and abetted [Ms. Nguyen's] scheme to deceive the Court by allowing [her] to file an identical opposition on his behalf." Mot. at 5.

The Court addresses first whether Ms. Nguyen engaged in any conduct in bad faith. It

finds that she has. After the government moved to relate *Nguyen I* and *II*, Ms. Nguyen used her ECF account to file three opposition briefs: (1) an opposition from herself as an individual; (2) an opposition from an affiliated company Phuong T. Nguyen, D.D.S., Inc. ("Nguyen DDS")[4]; and (3) an opposition from Mr. Flores. For the second opposition brief, an attorney purportedly submitted the brief: Paul Edward Manasian. Mr. Manasian's name appears on the caption page, and his name and electronic signature appear on the final page of the brief. Whereas Ms. Nguyen and Mr. Flores were able to submit their opposition briefs without being represented by an attorney, Nguyen DDS could not. The District's Civil Local Rules provide that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civ. L.R. 3-9(b). Thus, having Mr. Manasian's name and electronic signature on the brief was critical. The Court finds that Ms. Nguyen knew about this requirement as she has demonstrated through her briefing that she is knowledgeable about the Civil Local Rules in this District.

As it turns out, Mr. Manasian did not authorize his name and/or signature to be used on the opposition brief. Counsel for the Wells Fargo Defendants learned such because he contacted Mr. Manasian. *See* Bailey Decl. ¶ 3 ("I . . . emailed [Mr. Manasian] to inquire into whether he actually filed the Opposition . . . . He responded that he did not prepare or file the document and did not authorize anyone to include his signature on it. A true and correct copy of this email exchange is attached as Exhibit B."). Ms. Nguyen suggests that the Court cannot consider defense counsel's declaration because statements about what Mr. Manasian said or wrote constitute hearsay. But the Court need not consider defense counsel's declaration in order to find that Mr. Manasian did not give authorization. Evidence that Ms. Nguyen has submitted *herself* establishes that Mr. Manasian did not give authorization. Specifically, Ms. Nguyen has provided a copy of an email exchange between herself and Mr. Manasian (who she claims represented her in the state court case – presumably, the state court case that gave rise to *Nguyen I* and *II*). *See* Nguyen Decl. at 12 & Ex. D (email). In the email exchange, Ms. Nguyen asked Mr. Manasian to sign "DDS Inc's

---

[4] Nguyen DDS is the other plaintiff in *Nguyen I* and *II*.

1  Opposition to [the Small Business Administration's] Related Case" and then file it.  Nguyen Decl.,
2  Ex. D.  Mr. Manasian's response was as follows: "I will file your pleading for you as it is in
3  Federal court, but you should probably find out how you can file there in pro per.  *You need to*
4  *sign it.*  I am not comfortable filing the pleading for the LLC."  Nguyen Decl., Ex. D (emphasis in
5  original).  As indicated by Mr. Manasian's emphasized language, he did not want his name on the
6  opposition brief.  Nevertheless, Ms. Nguyen went ahead and submitted the brief with his name
7  (and electronic signature) on it.

8  In her papers, Ms. Nguyen suggests that she did nothing improper because Mr. Manasian
9  said that he did not want to sign the "pleading for the LLC" but she did not file any "pleading for
10 the LLC" with his signature; rather, she filed an opposition brief for Nguyen DDS with his
11 signature.   Ms. Nguyen emphasizes that there is actually an LLC with which she is affiliated.  *See*
12 Nguyen Decl., Ex. C (articles of organization for Nguyen Building Investment LLC).  But this
13 argument elevates form over substance.  The subject line of Ms. Nguyen's email clearly indicated
14 that she wanted Mr. Manasian to sign an opposition brief for Nguyen DDS.  That Mr. Manasian
15 essentially misspoke by referring to a pleading and the LLC is not enough to immunize Ms.
16 Nguyen.

17 To be clear, the Court finds that Ms. Nguyen's act of filing the opposition brief with Mr.
18 Manasian's name and electronic signature was not an innocent mistake or negligence but rather
19 was done in bad faith.  That Mr. Manasian did not want his name on the brief is underscored by
20 the fact that he cautioned Ms. Nguyen in his email that "it is almost certain that the two removals
21 are 'related'" because "the case is literally the same state action that was previously removed."
22 Nguyen Decl., Ex. D.  Moreover, he added that, "[i]f you believe the case was improperly
23 removed [as stated in the opposition brief] because not all defendants agreed to the removal you
24 will need to file a separate motion to remand."  Nguyen Decl., Ex. D.

25 Because the Court finds that Ms. Nguyen did act in bad faith, the next question is whether
26 a sanction in the form of attorneys' fees is appropriate.  The Court finds that the sanction is
27 appropriate in that it is tailored to Ms. Nguyen's misconduct.  However, the Court finds that the
28 amount of fees sought is excessive.  Defense counsel represents that he has spent 5.3 hours in

5

discovering the fraud and bringing the issue to the Court (including the filing of the motion). He adds that he anticipates spending an additional 2 hours to review the opposition briefs and file a reply brief. Thus, the fee request is $2,365.20, representing 7.3 hours of work (including anticipated work). The fee request is excessive for several reasons. First, the Court is issuing its order now before any significant time will be spent on reviewing opposition briefs or filing a reply. Second, given the simplicity of the issue, it should have taken counsel no longer than 5 hours to investigate and prepare the motion. Because defense counsel's hourly rate is $324 (which is reasonable), the Court finds that an appropriate sanction is in the amount of $1,620 (5 hours x $324/hour).

The Court now turns to the issue of whether Mr. Flores should be held jointly and severally liable for the monetary sanction. It declines to hold Mr. Flores so accountable. The Court does have serious concern about whether Ms. Nguyen and Mr. Flores are essentially conspiring together. However, even if they are conspiring together in this litigation, the record does not sufficiently demonstrate that Mr. Flores knew that Ms. Nguyen was falsifying Mr. Manasian's signature on the opposition brief for Nguyen DDS.

## II.     CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the motion for sanctions. The request for a dismissal sanction is denied. The request for a monetary sanction is granted, but only in the amount of $1,620 and only Ms. Nguyen is liable for this amount. Ms. Nguyen shall pay the Wells Fargo Defendants the amount of $1,620 within thirty (30) days of this decision. Ms. Nguyen is warned that any further acts of dishonesty in the prosecution of this case will result in more severe sanctions which may include dismissal of the case with prejudice.

This order disposes of Docket No. 71.

**IT IS SO ORDERED**.

Dated: December 16, 2022

_____
EDWARD M. CHEN
United States District Judge

6