UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHUONG T. NGUYEN, et al.,<br><br>  Plaintiffs,<br><br>    v.<br><br>WELLS FARGO, N.A., et al.,<br><br>  Defendants. | Case No. 20-cv-07991-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM SANCTIONS**<br><br>Docket No. 78 |

Previously, the Court granted the Wells Fargo Defendants' motion for sanctions against Ms. Nguyen and ordered Ms. Nguyen to pay monetary sanctions in the amount of $1,620. This figure represented the attorney's fees incurred by the Wells Fargo Defendants to discover the fraud and bring the issue to the Court. *See* Docket No. 77 (order). Currently pending before the Court is Ms. Nguyen's motion for relief from the sanctions order. Having considered the papers submitted, the Court finds the matter suitable for resolution without oral argument. The motion for relief is **GRANTED** in part and **DENIED** in part.

In her motion, Ms. Nguyen invokes Federal Rule of Civil Procedure 60(b)(6) in support of her position. That rule provides that a "court may relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Wells Fargo Defendants argue that Rule 60(b)(6) allows for relief only where there are extraordinary circumstances, which are not present here. *See, e.g.*, *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) ("A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.' We have cautioned that this Rule is to be 'used sparingly as an equitable

1    remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

2    prevented a party from taking timely action to prevent or correct an erroneous judgment.'").

3           The Court largely agrees.  For example, Ms. Nguyen argues that the sanctions order in

4    favor of the Wells Fargo Defendants was improper because (1) it was the federal government, and

5    not the Wells Fargo Defendants, that asked to relate *Nguyen I* and *Nguyen II*, and thus (2) Nguyen

6    DDS's opposition to relation could had no impact, and in fact had no impact, on the Wells Fargo

7    Defendants.  This argument lacks merit.  Simply because it was the federal government that

8    moved to relate does not mean that the Wells Fargo Defendants had no interest in whether the

9    cases would be related.  The Court credits the Wells Fargo Defendants' representation that they

10   did in fact have an interest in having the cases related and believed that they should be related

11   because the relation requirement had clearly been met – *i.e.*, *Nguyen I* and *Nguyen II* are

12   effectively the same case as both are based on the same state court case.

13          Ms. Nguyen also argues that the Wells Fargo Defendants should not be entitled to any

14   monetary award because they failed to meet and confer with her about the Nguyen DDS

15   opposition brief.  But the Wells Fargo Defendants did not have an obligation to meet and confer

16   with her, and, in any event, once Wells Fargo moved for sanctions, Ms. Nguyen could have

17   promptly withdrawn the Nguyen DDS opposition brief rather than trying to defend it.

18          Ms. Nguyen's final argument is that the sanctions award should be vacated because she

19   cannot afford it.  According to Ms. Nguyen, she lost her dental business and, at some unidentified

20   point, she broke her hand (allegedly after she fainted and fell based on mental anguish she suffered

21   as a result of Defendants' alleged wrongdoing) such that she can only work part time.  The Wells

22   Fargo Defendants correctly note that Ms. Nguyen could have argued in her opposition to the

23   motion for sanctions that she was financially unable to pay for a monetary sanctions award.  She

24   did not do so.  Nonetheless, in the interests of justice, the Court will reduce the amount of the

25   award to $800.00.

26   ///

27   ///

28   ///

Accordingly, for the reasons stated above, Ms. Nguyen's motion for relief is granted in part and denied in part.

This order disposes of Docket No. 78.

**IT IS SO ORDERED**.

Dated: January 19, 2023

_____
EDWARD M. CHEN
United States District Judge